UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1471 PA (AGRx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | Nadia Elizabeth Figueroa v. Larry J. Baca | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — ORDER

On March 26, 2018, the Court ordered plaintiff Nadia Elizabeth Figueroa ("Plaintiff") to show cause why this action should not be dismissed or, in the alternative, why the Court should not quash, in part, the state court Civil Harassment Restraining Order (the "Restraining Order"). Plaintiff's response was due on or before April 20, 2018. Despite the passage of time to do so, Plaintiff has filed no response to the Court's order to show cause.[1/]

Plaintiff filed this action for a civil harassment restraining order against defendant Larry Baca ("Baca") in state court. The state court granted Plaintiff, her husband, two daughters, and son the Restraining Order against Baca on February 17, 2017. (Docket No. 1-1.) The Restraining Order includes a personal conduct order, which provides that Baca must not "contact the person, either directly or indirectly, in any way, including but not limited to, in person, by telephone, in writing, by public or private mail, by interoffice mail, by e-mail, by text message, by fax, or by other electronic means." (Id.) It further provides that Baca must stay at least fifty yards away from "the job or workplace of the person" and from "any training that [she is] in attendance of." (Id.) The Restraining Order also contains provisions applying outside of the workplace, that prohibit, inter alia, harassment of Plaintiff or her family and efforts to obtain her address, and that require Baca to remain more than fifty yards away from Plaintiff and her family, and their home and schools. (Id.)

Both Plaintiff and Baca are civilian employees at U.S. Army Garrison, Fort Irwin. After the Restraining Order was enforced to arrest Baca for a work-related e-mail sent "Reply All" to multiple federal employees including Plaintiff, the Government removed the action to this Court, asserting 28 U.S.C. § 1442(a)(1) as grounds for the removal. (Docket No. 1 at ¶ 8.) The Government contended that

---

[1/] In that Order, the Court also continued the scheduling conference to April 30, 2018. The parties did not file a joint report as required by Federal Rule of Civil Procedure 26(f). However, the Government did file a status report informing the Court of continued efforts to contact Plaintiff and requesting that the Court quash those parts of the Restraining Order that adversely impact the United States. (See Docket No. 23.)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1471 PA (AGRx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | Nadia Elizabeth Figueroa v. Larry J. Baca | | |

"the State Superior Court's Order that Baca curtail communication, training, and stay fifty-yards away from Figueroa at their federal workplace, adversely affects operations at the U.S. Army Garrison, National Training Center, Fort Irwin, California." (Id.)

Once in this Court, the Government filed an ex parte application (the "Application") to quash the Restraining Order in part. (Docket No. 10.) The Government specifically sought to quash the Restraining Order to the extent it (1) requires Baca to stay fifty yards away from Plaintiff at their federal workplace, (2) prohibits Baca from attending the same trainings and/or meetings at their federal workplace, and (3) prohibits Baca from sending federal workplace-related communications, including but not limited to, interoffice mail, e-mail, and fax. (Id. at 2; Docket No. 10-1 ("Proposed Order").) The Application did not seek to modify the provisions of the Restraining Order that apply to the parties outside of the federal workplace. (Proposed Order; see generally Application.) The Court denied the Application for failure to satisfy Local Rule 7-19 and for failure to demonstrate that this relief could not have been sought by noticed motion. (Docket No. 11.)

Thereafter, the Government requested continuances of the scheduling conference, originally set for September 25, 2017, on four occasions due to Plaintiff's medical condition. (See Docket Nos. 12, 15, 17, 19.) Seven months have now elapsed since the date on which the scheduling conference was originally calendared. Plaintiff has not filed any document since this action was removed. On March 26, 2018, the Court issued an order to show cause why this action should not be dismissed or, in the alternative, why the Court should not quash the Restraining Order to the extent requested by the Application, for lack of prosecution. (Docket No. 21.) Plaintiff was ordered to file her response on or before April 20, 2018. (Id.) The Court warned that "[f]ailure to file such a response on or before April 20, 2018, may result in the Court either dismissing this action in its entirety or quashing the Restraining Order to the extent that the Government sought in its Application." (Id.)

In light of Plaintiff's lack of response, the Court now considers the merits of whether to quash the Restraining Order to the extent requested in the Government's Application.

As a threshold matter, the Government properly removed this action under 28 U.S.C. § 1442(a)(1). "Section 1442(a)(1) allows "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove to federal court a civil action against the officer "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). To qualify for removal, the defendant must raise a "colorable federal defense." Mesa v. California, 489 U.S. 121, 129, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989); see Perkins v. Dennis, 2017 U.S. Dist. LEXIS 48561, No. TDC-16-2865, at *4 (D. Md. Mar. 30, 2017). Here, Baca is a federal employee, the Restraining Order applies to his activity at the U.S. Army Garrison, and the Government has raised colorable defenses of sovereign immunity and the Supremacy Clause of the U.S. Constitution, as discussed below. See, e.g., Hendy v. Bello, 555 F. App'x 224, 225–26 (4th Cir. 2014) (upholding removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fight); Perkins, 2017 U.S. Dist. LEXIS 48561, at *4 (finding removal proper where basis of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 17-1471 PA (AGRx) | Date | April 30, 2018 |
| Title | Nadia Elizabeth Figueroa v. Larry J. Baca | | |

petition for peace order was activity that occurred at the National Transportation Safety Board; collecting cases). Thus, the Court finds that this action was properly removed to this Court.

While this case was properly removed, the Government contends that the state court lacks jurisdiction to enforce the terms of the Restraining Order that apply to the federal workplace. (Application 9.) The doctrine of derivative jurisdiction applies to cases removed pursuant to § 1442(a). See Elko Cty. Grand Jury v. Siminoe, 109 F.3d 554, 555 (9th Cir. 1997); FBI v. Super. Ct. of Cal., 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007). According to this doctrine, "a federal court [is] without jurisdiction over a suit removed to it from a state court if the state court from which it was removed lacked subject matter jurisdiction, even though the federal court would have had jurisdiction had the suit been brought there originally." Beeman v. Olson, 828 F.2d 620, 621 (9th Cir. 1987); Elko Cty., 109 F.3d at 555. "Thus, if the state court lacks jurisdiction over a given matter, the case is a nullity when filed and a fortiori, the district court acquired no subject matter jurisdiction over those claims upon removal." FBI, 507 F. Supp. 2d at 1090 (internal quotation marks omitted). Because this Court's jurisdiction is wholly derived from that of the state court, it must quash the Restraining Order unless the state court was authorized to issue it. See id. at 1092.

Sovereign immunity shields the United States and its officers from suit, unless an express congressional waiver of that immunity applies. FBI, 507 F. Supp. 2d at 1094 (citing Block v. N. Dak., 461 U.S. 273, 287, 103 S. Ct. 1811, 75 L. Ed. 2d 840 (1983); Army & Airforce Exch. Serv. v. Sheehan, 456 U.S. 728, 734, 102 S. Ct. 2118, 72 L. Ed. 2d 520 (1982)). An action seeking a judgment that would "interfere with the public administration" or "restrain the Government from acting" constitutes a suit against the United States. See Washington v. Udall, 417 F.2d 1310, 1315 (9th Cir. 1969) (citing Dugan v. Rank, 372 U.S. 609, 620, 83 S. Ct. 999, 10 L. Ed. 2d 15 (1963)). "An action against a government employee constitutes a suit against the United States assuming it would have one of these effects." FBI, 507 F. Supp. 2d at 1094 (citing Udall, 417 F.2d at 1313–14); Hendy, 555 F. App'x at 226 ("[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office.").

Relatedly, "the Supremacy Clause was designed to ensure that states do not 'retard, impede, burden, or in any manner control' the execution of federal law." Denson v. United States, 574 F.3d 1318, 1347 (11th Cir. 2009) (citing McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 436, 4 L. Ed. 579 (1819); Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211, 6 L. Ed. 23 (1824) (Marshall, C.J.)). "[A]n officer of the United States cannot be held in violation of state law while simultaneously executing his duties as prescribed by federal law. [T]he obligations imposed by federal law are supreme, and where any supposed right or claim under state law would impede an officer from performing his duties, it must relent." Denson v. United States, 574 F.3d 1318, 1347 (11th Cir. 2009) (citing Johnson v. Maryland, 254 U.S. 51, 56–57, 41 S. Ct. 16, 65 L. Ed. 126 (1920) (Holmes, J.)). Based on these principles, the Supremacy Clause precludes state courts from enforcing orders that interfere with the performance of federal officers. Id. at 1345–46.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-1471 PA (AGRx) | Date | April 30, 2018 |
|---|---|---|---|
| Title | Nadia Elizabeth Figueroa v. Larry J. Baca | | |

Here, the terms of the Restraining Order restricting Baca's communications and movement at the federal workplace interfere with his ability to perform his duties as a federal employee and, as seen by his arrest for sending a work-related e-mail, disturb the federal agency's internal functions. The state court lacked jurisdiction to impose such terms due to federal sovereign immunity. Similarly, enforcement of such terms by state court violates the Supremacy Clause. Other federal courts have found similar petitions for civil harassment orders and peace orders to implicate the sovereign immunity and the Supremacy Clause. See Perkins, 2017 U.S. Dist. LEXIS 48561, at *6 (collecting cases); see, e.g., Hendy, 555 F. App'x at 226 ("It is inconsistent with the principle of federal supremacy to allow such interference with the performance of a federal employee's duties and . . . disturb the federal agency's internal functions.").

For the foregoing reasons, the state court lacked jurisdiction to impose the terms of the Restraining Order to the extent that they impair the performance of federal duties. Accordingly, the Court quashes the terms that (1) require Baca to stay fifty yards away from Plaintiff at their federal workplace, (2) prohibit Baca from attending the same trainings and/or meetings at their federal workplace, and (3) prohibit Baca from sending federal workplace-related communications, including but not limited to, interoffice mail, e-mail, and fax.

The Restraining Order also contains personal conduct and stay-away provisions that apply outside of the federal workplace. (See Docket No. 1-1.) To the extent that the Restraining Order contains provisions applying outside the federal workplace, such provisions could not reasonably be construed to apply against Baca in his capacity as a federal employee, and thus do not implicate sovereign immunity or the Supremacy Clause. See Perkins, 2017 U.S. Dist. LEXIS 48561, at *7. The Court therefore remands the remaining claims to San Bernardino County Superior Court, CIVVS 1700033. See, e.g., id.; Haynie v. Bredenkamp, Case No. 4:16-CV-773 (CEJ), 2016 U.S. Dist. LEXIS 88433, at *4 (E.D. Mo. July 8, 2016). The scheduling conference set for April 30, 2018, is vacated.

IT IS SO ORDERED.